Sonny GALE, Plaintiff,

v.

Sylvester STALLONE, Tony Filiti, Hanson Galleries, Inc., d/b/a Hanson Art Galleries, Scott Hanson and Richard Natoli, Defendants.

No. 91 Civ. 3467 (HB).

United States District Court, S.D. New York.

June 19, 1995.

Dennis H. Cavanaugh, Amster, Rothstein & Ebenstein, Marc Bernstein, Bernstein & Bernstein, Edward D. Fagan, Fagan & Associates, New York City, for plaintiff.

Clarence John Erickson, III, Soller, Shayne & Horn, New York City, for Hanson Galleries.

Clarence John Erickson, III, Soller, Shayne & Horn, New York City, Sanford M. Passman, Law Offices of Sanford M. Passman, Beverly Hills, CA, for Richard Natoli.

Philip R. Hoffman, Pryor Cashman Sherman & Flynn, New York City, James J. Binns, James J. Binns, P.A., Philadelphia, PA, for Sylvester Stallone.

Philip R. Hoffman, Pryor Cashman Sherman & Flynn, Clarence John Erickson, III, Soller Shayne & Horn, New York City, James J. Binns, James J. Binns, P.A., Philadelphia, PA, for Tony Filiti.

Clarence John Erickson, III, Soller, Shayne & Horn, New York City, for Scott Hanson and Hanson Galleries.

### *MEMORANDUM ORDER*

BAER, District Judge.

Defendants Sylvester Stallone and Tony Filiti moved for an order, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for granting summary judgment and dismissing plaintiff's amended complaint for, *inter alia,* breach of contract regarding the sale of three Stallone paintings. On June 8, 1995 this motion was taken on submission by agreement of the parties. For the reasons below, the motion is denied.

Summary judgment should be granted only when the pleadings, evidence, and affidavits show there is no genuine issue of material fact and, that, the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Miner v. Glens Falls,* 999 F.2d 655, 661 (2d Cir.1993). Furthermore, this Court will read a *pro se* plaintiff's "supporting papers liberally ... [and] interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994).

Defendants concede the existence of disputed facts but assert that plaintiff's claims are "too incredible to be accepted by reasonable minds." This is a close question. On balance, I find that while plaintiff has changed her story several times, this alone does not make it so "incredible" that dismissal as a matter of law is required. Gale may attempt to persuade the trier of fact of the

truth of her claims despite their inconsistencies. This case is among the cases to be tried in February 1996 on the Trailing Trial Calendar. In the meantime, the Court expects the parties to complete discovery with a minimum of rancor and to spare no effort to resolve their dispute.

Defendants' motion for summary judgment is denied.

**SO ORDERED.**